**Order Filed on January 15, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota (msirota@coleschotz.com)
Felice R. Yudkin (fyudkin@coleschotz.com)
Jacob S. Frumkin (jfrumkin@coleschotz.com)
Matteo Percontino (mpercontino@coleschotz.com)
Rebecca W. Hollander (rhollander@coleschotz.com)
(201) 489-3000
(201) 489-1536 Facsimile

*Proposed Attorneys for Debtors
and Debtors in Possession*

In re:

CHRISTOPHER & BANKS CORPORATION,
*et al.*,

                                    Debtors.[1]

Chapter 11

Case No. 21-10269 (ABA)

Joint Administration Requested

**Hearing Date and Time:**
January 15, 2021 at 10:00 a.m. ET

## ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
## REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED**.

**DATED: January 15, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Christopher & Banks Corporation (5422), Christopher & Banks, Inc. (1237), and Christopher & Banks Company (2506). The Debtors' corporate headquarters is located at 2400 Xenium Lane North, Plymouth, Minnesota 55441.

Page (2)
Debtors:          CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.          21-10269 (ABA)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                  REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                  LEASES

---

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") establishing procedures for the rejection of executory contracts and unexpired leases and abandonment of personal property as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other notice of Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the *Declaration of Keri L. Jones in Support of Debtors' Chapter11 Petitions and First Day Pleadings;* the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors and all parties in interest; that the legal and factual

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Page (3)
Debtors:            CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.            21-10269 (ABA)
Caption of Order:   ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                    REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES

---

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following Rejection Procedures are authorized and approved:

(a)     Rejection Notice.  The Debtors will file a notice (the "**Rejection Notice**"),
        setting forth the proposed rejection of one or more Contracts and/or
        Leases and will serve the Rejection Notice via overnight delivery service,
        email, or fax on: (1) the non-Debtor counterparty (and its counsel, if
        known) under the respective Contract or Lease at the last known address
        available to the Debtors or, in the case of a Lease, at the notice address
        specified in the Lease (the "**Counterparty**"); (2) with respect to real
        property Leases ("**Real Property Leases**"), any known third party having
        an interest in personal property located at the leased premises (the
        "**Leased Premises**"); (3) any party known to assert a lien in any property
        subject to the rejected Contract or Lease; (4) counsel for the Debtors'
        secured lenders, Riemer & Braunstein LLP, Times Square Tower, Suite
        2506, Seven Times Square, New York, New York 10036, Attn: Steven E.
        Fox; (5) counsel to any official committee appointed in these chapter 11
        cases; and (6) the Office of the United States Trustee for the District of
        New Jersey (collectively, the "**Rejection Notice Parties**").

(b)     Content of Rejection Notice.  The Rejection Notice shall be substantially
        in the form attached as **Exhibit 1** to the proposed order. With respect to
        Real Property Leases, the Rejection Notice shall set forth the following
        information, to the best of the Debtors' knowledge: (1) the street address
        of the related real property; (2) the name and address of the landlord (the
        "**Landlord**"); (3) the date on which the Debtors will vacate (or have
        vacated) the Leased Premises; and (4) the assets to be abandoned, if any.
        With respect to all other Contracts or Leases to be rejected, the Rejection
        Notice shall set forth the following information, to the best of the Debtors'
        knowledge: (1) the name and address of the Counterparty; and (2) a brief
        description of the Contract or Lease to be rejected. All Rejection Notices

Page (4)
Debtors:            CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.            21-10269 (ABA)
Caption of Order:   ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                    REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES

---

will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order, a "**Rejection Order**"), substantially in the form attached to the Rejection Notice as **Exhibit A**.

(c)    Objections.  Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "**Objection**") so that such objection is filed with the Court and actually received by the following parties no later than fourteen (14) calendar days after the date the Rejection Notice is filed: (1) proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq. and Felice R. Yudkin, Esq.; (2) the Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102; (3) counsel for the Debtors' secured lenders, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, New York 10036, Attn: Steven E. Fox; and (4) counsel to any official committee appointed in these chapter 11 cases (collectively, the "**Objection Notice Parties**").  Each Objection must state with specificity the ground for objecting to the proposed rejection of the Contract or Lease and/or abandonment of Remaining Property (as defined and discussed below), as applicable.

(d)    Effects of Failing to File an Objection to a Rejection Notice.  If no Objection to a Rejection Notice is timely filed and served, the Debtors may submit the Rejection Order to the Court providing that the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice; *provided*, *however*, that the Rejection Date for a Real Property Lease shall not be earlier than the later of (i) the date set forth on the Rejection Notice, (ii) the date the Debtors file and serve a Rejection Notice for the Real Property Lease, and (iii) the date the Debtors relinquish control of the applicable Leased Premises by notifying the affected Landlord in writing, which writing may include a Rejection Notice, of the Debtors' irrevocable surrender of the premises and (a) have turned over the store keys, key codes, or security codes, if any, to the Landlord or (b) have notified the Landlord, in writing, that the store keys, key codes, or security codes, if any, are not available and that the Landlord may re-key the Leased Premises (as applicable, the "**Rejection Date**"); *provided, however*, that in no event shall the Rejection Date be earlier than

Page (5)
Debtors:            CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.            21-10269 (ABA)
Caption of Order:   ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                    REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES

---

the date of filing and service of the Rejection Notice. Upon the Rejection Date, any personal property or furniture, fixtures, and equipment, including but not limited to signage and racking ("**Remaining Property**") remaining on the Leased Premises shall be deemed abandoned by the Debtors (except the Debtors must remove any items containing personal and/or confidential information prior to the Rejection Date), and the Landlords may use or dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, and without any notice or liability to the Debtors and their estates and any third party and without waiver of any claim the Landlords may have against the Debtors and their estates.

(e)     <u>Effects of Filing an Objection to a Rejection Notice</u>. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party any affected landlord, if an affected landlord is not the objecting party, and the Objection Notice Parties. If the Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.

(f)     <u>Consent Orders</u>. Any Objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtors and the objecting party.

(g)     <u>Deadlines for Filing Claims</u>. Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by the Court in these chapter 11 cases or (ii) thirty (30) days after the date of entry of the applicable Rejection Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtors' bankruptcy cases.

Page (6)
Debtors:           CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.           21-10269 (ABA)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES

---

     (h)    <u>Treatment of Security Deposits</u>.  If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty or Landlord may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.      The form of Rejection Notice attached hereto as **<u>Exhibit 1</u>** is hereby approved.

4.      The Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order.

5.      The Debtors are authorized to abandon any Remaining Property located at the Leased Premises free and clear of all liens, claims, encumbrances, interests, and rights of third parties and all such property is deemed abandoned effective as of the Rejection Date (except the Debtors must remove any items containing personal and/or confidential information prior to the Rejection Date).  With respect to any Remaining Property abandoned at the Leased Premises, the applicable Landlord under each rejected lease, or designee thereof, shall be free to immediately use or dispose of any and all Remaining Property without notice or liability to any Debtor or non-Debtor third party and without further notice or order of the Court, and, to the extent applicable, the automatic stay is modified to allow such disposition.  The Landlords' rights, if any, to file claims for the costs of disposal of the Remaining Property pursuant to this order are fully reserved, as are the rights of all parties in interest to object to such claims.

Page (7)
Debtors:              CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.              21-10269 (ABA)
Caption of Order:     ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                      REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES

---

6.      Entry of this Order is without prejudice to the rights of the Debtors, including but not limited to, the right to seek further, other, or different relief regarding any Contract or Lease pursuant to, among other things, section 365 of the Bankruptcy Code.

7.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the rejection of a Contract or Lease, including any right to assert an offset, recoupment, counterclaim or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

8.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (1) an admission as to the validity or priority or any claim against the Debtors; (2) a waiver of the Debtors' rights to dispute any claim; or (3) a rejection, assumption or assignment of any Contract or Lease pursuant to section 365 of the Bankruptcy Code.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement and implementation of this Order.

## EXHIBIT 1

**Form of Rejection Notice**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota (msirota@coleschotz.com)
Felice R. Yudkin (fyudkin@coleschotz.com)
Jacob S. Frumkin (jfrumkin@coleschotz.com)
Matteo Percontino (mpercontino@coleschotz.com)
Rebecca W. Hollander (rhollander@coleschotz.com)

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHRISTOPHER & BANKS CORPORATION, *et al.*, | Case No. 21-10269 (ABA) |
| Debtors.[1] | Joint Administration Requested |

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**TO:    The Parties Identified on Schedule 1 Attached Hereto:**

         **PLEASE TAKE NOTICE** that on [_____], 2021, the United States

Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") entered an order

[Docket No. ____] (the "**Rejection Procedures Order**") granting the Debtors' Motion for Entry

of an Order Authorizing and Approving Procedures for Rejection of Executory Contracts and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Christopher & Banks Corporation (5422), Christopher & Banks, Inc. (1237), and Christopher & Banks Company (2506).  The Debtors' corporate headquarters is located at 2400 Xenium Lane North, Plymouth, Minnesota 55441.

Unexpired Leases [Docket No. ___] (the "**Motion**"), approving certain procedures for the

rejection of executory contracts and unexpired leases of the Debtors.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection

Procedures Order, the above-captioned debtors and debtors in possession (collectively, the

"**Debtors**") hereby provide notice of their intent to reject the Contracts and/or Leases identified

on **<u>Schedule 1</u>** hereto (the "**Contracts and Leases**").

      **PLEASE TAKE FURTHER NOTICE** that should you object to the Debtors' rejection

of a Contract or Lease identified on **<u>Schedule 1</u>** hereto, you must file and serve a written

objection on: (i) proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25

Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq. and  Felice R.

Yudkin, Esq.; (ii) the Office of the United States Trustee, One Newark Center, 1085 Raymond

Boulevard, Suite 2100, Newark, New Jersey 07102; (iii) counsel for the Debtors' secured

lenders, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New

York, New York 10036, Attn: Steven E. Fox; and (iv) counsel to any official committee

appointed in these chapter 11 cases (collectively, the "**Objection Notice Parties**"), so that such

objection is filed with the Bankruptcy Court and received by the Objection Notice Parties no

later than [_____], 2021, which is fourteen (14) days after the date that the Debtors

filed and served this Rejection Notice.

      **PLEASE TAKE FURTHER NOTICE** that (x) absent an objection being filed and

served in compliance with the Rejection Procedures Order, the Rejected Contracts and Leases

will be rejected pursuant to section 365(a) of the Bankruptcy Code on the effective date set forth

in the Rejection Notice; *provided*, *however*, that the Rejection Date for a Real Property Lease

shall not be earlier than the later of (i) the date set forth on the Rejection Notice, (ii) the date the

2

Debtors file and serve a Rejection Notice for the Real Property Lease, and (iii) the date the

Debtors relinquish control of the applicable Leased Premises by notifying the affected Landlord

in writing, which writing may include a Rejection Notice, of the Debtors' irrevocable surrender

of the premises and (a) have turned over the store keys, key codes, or security codes, if any, to

the Landlord or (b) have notified the Landlord, in writing, that the store keys, key codes, or

security codes, if any, are not available and that the Landlord may re-key the Leased Premises

(as applicable, the "**Rejection Date**"); *provided, however*, that in no event shall the Rejection

Date be earlier than the date of filing and service of the Rejection Notice, and (y) upon the

Rejection Date, any personal property or furniture, fixtures, and equipment, including but not

limited to signage and racking ("**Remaining Property**") remaining on the Leased Premises shall

be deemed abandoned by the Debtors (except the Debtors must remove any items containing

personal and/or confidential information prior to the Rejection Date), and the Landlords may use

or dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims,

encumbrances, and interests, and without any notice or liability to the Debtors and their estates

or any third party and without waiver of any claim the Landlords may have against the Debtors

and their estates.

 **PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and served on

the Objection Notice Parties as specified above, and cannot be resolved, the Debtors shall seek a

hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the

objecting party and any affected landlord, if an affected landlord is not the objecting party, and

the Objection Notice Parties. If such objection is overruled by the Bankruptcy Court or

withdrawn, the rejection of the Rejected Leases shall be deemed effective (a) as of the Rejection

Date or (b) as otherwise determined by the Bankruptcy Court as set forth in any order overruling such objection.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with you as a security deposit or other arrangement, you may not setoff, recoup, or otherwise use such deposit without prior authorization from the Bankruptcy Court.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any Rejected Contract or Lease, you must submit a proof of claim for damages arising from such rejection on or before the later of (i) the deadline for filing proofs of claim established by the Bankruptcy Court in the Debtors' chapter 11 cases or (ii) thirty (30) days after the Rejection Date.  If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtors' chapter 11 cases and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the Rejected Contract and Leases or from participating in any distributions that may be made in connection with these chapter 11 cases.

Dated: _____, 2021          Respectfully submitted,

                                        **COLE SCHOTZ P.C.**

                                        By:_____

4

Michael D. Sirota (msirota@coleschotz.com)
Felice R. Yudkin (fyudkin @coleschotz.com)
Jacob S. Frumkin (jfrumkin@coleschotz.com)
Matteo Percontino
(mpercontino@coleschotz.com)
Rebecca W. Hollander
(rhollander@coleschotz.com)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536

61893/0001-22033508v2

**SCHEDULE 1**

| REJECTION SCHEDULE | | | | |
|---|---|---|---|---|
| **Counterparty** | **Counterparty Address** | **Title/Description of Lease** | **Property to be Abandoned (if applicable)** | **Rejection Date** |
|  |  |  |  |  |
|  |  |  |  |  |

| PROPERTY TO BE ABANDONED | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
|  |  |
|  |  |

**EXHIBIT A TO REJECTION NOTICE**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>Michael D. Sirota (msirota@coleschotz.com)<br>Felice R. Yudkin (fyudkin @coleschotz.com)<br>Jacob S. Frumkin (jfrumkin@coleschotz.com)<br>Matteo Percontino (mpercontino@coleschotz.com)<br>Rebecca W. Hollander (rhollander@coleschotz.com)<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br><br>*Proposed Attorneys for Debtors*<br>*and Debtors in Possession* | |
| In re:<br><br>CHRISTOPHER & BANKS CORPORATION,<br>*et al.*,<br><br>                        Debtors.[1] | Chapter 11<br><br>Case No. 21-10269 (ABA)<br><br>Joint Administration Requested<br><br>**Hearing Date and Time:** |

## ORDER APPROVING THE REJECTION OF CONTRACTS AND LEASES AND ABANDONMENT OF PROPER IN CONNECTION THEREWITH

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Christopher & Banks Corporation (5422), Christopher & Banks, Inc. (1237), and Christopher & Banks Company (2506). The Debtors' corporate headquarters is located at 2400 Xenium Lane North, Plymouth, Minnesota 55441.

Page (2)
Debtors:          CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.          21-10269 (ABA)
Caption of Order: ORDER APPROVING THE REJECTION OF CONTRACTS AND
                  UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN
                  CONNECTION THEREWTIH

Pursuant to and in accordance with the *Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases* [Docket No. ___] (the "**Rejection Procedures Order**"), which is expressly incorporated herein by reference;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a "Notice of Rejection of Executory Contracts and/or Unexpired Leases" [Docket No. ___] (the "**Rejection Notice**") in accordance with the terms of the Rejection Procedures Order in respect of the rejection of the executory contracts (the "**Contracts**") and/or unexpired leases (the "**Leases**") set forth on **Exhibit 1** hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

Page (3)
Debtors:   CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.   21-10269 (ABA)
Caption of Order: ORDER APPROVING THE REJECTION OF CONTRACTS AND
      UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN
      CONNECTION THEREWTIH

---

  1.  The Contracts and Leases listed on **<u>Exhibit 1</u>** hereto are hereby rejected effective

as of the dates set forth for such Contracts and Leases listed on **<u>Exhibit 1</u>** hereto (the "**Rejection**

**Date**"), *provided*, *however*, that the Rejection Date for a Real Property Lease shall not be earlier

than the later of (i) the date set forth on the Rejection Notice, (ii) the date the Debtors file and

serve a Rejection Notice for the Real Property Lease, and (iii) the date the Debtors relinquish

control of the applicable Leased Premises by notifying the affected Landlord in writing, which

writing may include a Rejection Notice, of the Debtors' irrevocable surrender of the premises

and (a) have turned over the store keys, key codes, or security codes, if any, to the Landlord or

(b) have notified the Landlord, in writing, that the store keys, key codes, or security codes, if

any, are not available and that the Landlord may re-key the Leased Premises (as applicable, the

"**Rejection Date**"); *provided, however*, that in no event shall the Rejection Date be earlier than

the date of filing and service of the Rejection Notice.

  2.  The rights of the Debtors and their estates to assert that the Contracts and Leases

rejected hereby expired by their own terms or were terminated prior to the date hereof are fully

preserved, and the Debtors and their estates do not waive any rights or claims that they may have

with respect to or against the counterparties to such Contracts and Leases, whether or not such

rights or claims arise under, are related to the rejection of, or are independent of the Contracts

and Leases rejected hereby.

Page (4)
Debtors:          CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.          21-10269 (ABA)
Caption of Order: ORDER APPROVING THE REJECTION OF CONTRACTS AND
                  UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN
                  CONNECTION THEREWTIH

---

3.       If any affected counterparty subject to this Order (a "**Rejection Claimant**")

asserts a claim or claims against the Debtors and their estates arising from the rejection of the

Contracts and Leases, such Rejection Claimant shall submit a proof of claim on or before the

later of (i) the deadline for filing proofs of claims established by the Court in these chapter 11

cases or (ii) thirty (30) days after the date of entry of this Order.  If no proof of claim is timely

filed, such claimant shall not be treated as a creditor with respect to such claims for voting on

any chapter 11 plan in these chapter 11 cases and shall be forever barred from asserting a claim

for rejection damages and from participating in any distributions that may be made in connection

with the Debtors' bankruptcy cases.

4.       The Debtors are authorized to abandon any Remaining Property located at the

Leased Premises free and clear of all liens, claims, encumbrances, interests, and rights of third

parties and all such property is deemed abandoned effective as of the Rejection Date (except the

Debtors must remove any items containing personal and/or confidential information prior to the

Rejection Date).  With respect to any Remaining Property abandoned at the Leased Premises, the

applicable Landlord under each rejected lease, or designee thereof, shall be free to immediately

use or dispose of any and all Remaining Property without notice or liability to any Debtor or

non-Debtor third party and without further notice or order of the Court, and, to the extent

applicable, the automatic stay is modified to allow such disposition.  The Landlords' rights, if

Page (5)
Debtors:            CHRISTOPHER & BANKS CORPORATION, *et al*.
Case No.            21-10269 (ABA)
Caption of Order:   ORDER APPROVING THE REJECTION OF CONTRACTS AND
                    UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN
                    CONNECTION THEREWTIH

---

any, to file claims for the costs of disposal of the Remaining Property pursuant to this order are

fully reserved, as are the rights of all parties in interest to object to such claims.

5.      The Debtors are authorized to take any action necessary or appropriate to

implement the terms of this Order and the rejections without further order from this Court.

6.      This Court shall retain exclusive jurisdiction and power to resolve any dispute

arising from or related to this Order.