**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota (msirota@coleschotz.com)
Felice R. Yudkin. (fyudkin@coleschotz.com)
Jacob S. Frumkin (jfrumkin@coleschotz.com)
Matteo Percontino (mpercontino@coleschotz.com)
Rebecca W. Hollander (rhollander@coleschotz.com)

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CHRISTOPHER & BANKS CORPORATION, *et al.*, | Case No. 21-10269 (ABA) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING
THE TIME PERIOD WITHIN WHICH THE DEBTORS
MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

TO THE HONORABLE ANDREW B. ALTENBURG JR.:

      Christopher & Banks Corporation and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Christopher & Banks Corporation (5422), Christopher & Banks, Inc. (1237), and Christopher & Banks Company (2506).  The Debtors' corporate headquarters is located at 2400 Xenium Lane North, Plymouth, Minnesota 55441.

### I.  JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 1452 of title 28 of the United States Code and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### II.  BACKGROUND

**A.    The Chapter 11 Cases**

4. On January 13, 2021 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. On January 26, 2021, the Office of the United States Trustee for the District of New Jersey appointed an Official Committee of Unsecured Creditors (the "**Committee**") [Docket No. 118].

6. The Debtors' cases are being jointly administered under lead Case No. 21-10269 pursuant to Bankruptcy Rule 1015 [Docket No. 45].

7. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Keri L. Jones in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the **"First Day Declaration"**) [Docket No. 18].

8. The Debtors commenced these chapter 11 cases to facilitate a timely and efficient process to maximize the value of their estates for the benefit of all stakeholders. The Debtors immediately began to liquidate the inventory in their 449 retail stores (the "**Store Closing Sales**") and continued their pre-petition efforts to market and sell their remaining assets with the assistance of their investment banker and other advisors.

9. On February 23, 2021, the Court entered an order approving the sale (the **"Sale"**) of substantially all of the Debtors' business assets to ALCC, LLC (the **"Purchaser"**) [Docket No. 266]. On March 2, 2021, the Debtors closed on the Sale, with the Sale effective as of March 1, 2021.

10. On February 25, 2021, the Court entered an order establishing March 24, 2021 as the date (the **"Administrative Bar Date"**) by which certain creditors must file requests for allowance of Chapter 11 administrative expenses (**"Administrative Claims"**) [Docket No. 275].

**B.** **The Actions**

11. As of the Petition Date, the Debtors were party to certain civil proceedings in various venues (collectively the "**Actions**"), some of which may be subject to removal pursuant to 28 U.S.C. §1452. As part of their exercise of their fiduciary duties, the Debtors intend to analyze the Actions to determine whether it would be appropriate and beneficial to their estates to remove certain of them to federal court.

12. Since the Petition Date, however, the Debtors have been engaged in completing their Store Closing Sales, marking their remaining assets for sale, and consummating the Sale of substantially all of their assets to the Purchaser.

13. Given the closing of the sale of their assets, the Debtors are currently in the process of winding down their business operations. In that regard, the Debtors are working with their advisors and the Committee to evaluate their options to winddown their estates. To assist in that analysis, the Debtors sought an Administrative Bar Date in order to assess the scope of Administrative Claims in these chapter 11 cases. In light of the foregoing, the Debtors have not yet completed their analysis of the Actions to determine which Actions, if any, they may seek to remove.

### III.   RELIEF REQUESTED

14. By the Motion, the Debtors seek entry of an order, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027, extending the time period within which the Debtors may remove Actions pursuant to Bankruptcy Rule 9027(A) (the "**Removal Period**") by ninety days, through and including July 12, 2021, without prejudice to the Debtors' right to seek further extensions of the Removal Period.

### IV.   BASIS FOR RELIEF AND APPLICABLE AUTHORITY

15. 28 U.S.C. § 1452 governs the removal of claims related to bankruptcy cases. It provides, in pertinent part, that:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

16. Bankruptcy Rule 9027 provides, in pertinent part, that:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

17. Finally, Bankruptcy Rule 9006 provides, in pertinent part, that "when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1). Thus Bankruptcy Rule 9006 authorizes the Court to enlarge the Removal Period provided under Bankruptcy Rule 9027.[2]

18. It is well-established that this Court has authority to extend the Removal Period as requested herein. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *Jandous Elec. Constr. Corp. v. City of N.Y. (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (finding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006(b)); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that the United States

---

[2] To supplement this authority, section 105 of the Bankruptcy Code grants the Court broad powers to enforce the Bankruptcy Code's provisions either under the specific statutory language thereof or under equitable common law doctrines. 11 U.S.C. § 105(a).

Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

19. Absent the relief requested herein, the Removal Period will otherwise expire on April 13, 2021. The Debtors' decision regarding whether to seek removal of an Action will depend on a number of factors, including: (a) the importance of the Action to the expeditious resolution of general unsecured claims; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and the claims allowance process; and (e) the progress made to date in the Action. The Debtors require additional time to analyze the facts and circumstances of each Action in the context of these factors and make an appropriate determination regarding removal.

20. Since the Petition Date, the Debtors have been focused on and made significant strides to maximize value for the benefit of their estates. Among other things, the Debtors have (i) obtained access to cash collateral to provide them with liquidity to conduct the Store Closing Sales and maximize value for the benefit of all parties-in-interest and (ii) successfully negotiated and closed on the Sale of substantially all business assets to ALCC, LLC. The Debtors have also focused on fulfilling their obligations as debtors in possession including, among other things, expending substantial time and resources to complete their Schedules of Assets and Liabilities and Statements of Financial Affairs. Given these significant tasks and their attendant demands on the Debtors' personnel and professionals, the Debtors have been unable to fully analyze each of the Actions and make the appropriate determinations concerning their removal.

61893/0001-40278323v1

21. The Debtors submit that the requested extension is in the best interests of their estates and creditors because it will provide the Debtors with sufficient time to make well-informed decisions concerning the removal of Actions and will ensure that the Debtors are able to exercise their rights under 28 U.S.C. § 1452 in an appropriate manner. If the requested extension is not granted, the Debtors may be forced to make removal decisions prematurely.

22. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period because each of the Actions is stayed pursuant to section 362 of the Bankruptcy Code. If the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b).

23. Accordingly, the Debtors submit that cause exists to grant the relief requested herein.

### V.    NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made to this Court or any other court.

### VI.    NOTICE

25. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 3; (ii) counsel for the Committee, c/o Kelley Drye & Warren, LLP, One Jefferson Road, 2nd Floor, Parsippany, NJ 07054, Attn: James S. Carr, Esq. and Dana P. Kane, Esq. and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Bradford J. Sandler, Esq. Robert J. Feinstein, Esq., and Steven W. Golden, Esq.; (iii) counsel for the Debtors' secured lenders, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, NY 10036, Attn: Steven E. Fox, Esq.; (iv) the

Internal Revenue Service; (v) the United States Attorney's Office for the District of New Jersey; (vi) the Office of the Attorney General for the State of New Jersey; (vii) the United States Securities and Exchange Commission; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED: March 11, 2021

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Debtors*
*and Debtors in Possession*

/s/ Michael D. Sirota
Michael D. Sirota (msirota@coleschotz.com)
Felice R. Yudkin (fyudkin@coleschotz.com)
Jacob S. Frumkin (jfrumkin@coleschotz.com)
Matteo Percontino (mpercontino@coleschotz.com)
Rebecca W. Hollander (rhollander@coleschotz.com)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

8

61893/0001-40278323v1