|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>Michael D. Sirota (msirota@coleschotz.com)<br>Felice R. Yudkin (fyudkin@coleschotz.com)<br>Jacob S. Frumkin (jfrumkin@coleschotz.com)<br>Matteo Percontino (mpercontino@coleschotz.com)<br>Rebecca W. Hollander (rhollander@coleschotz.com)<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | Order Filed on April 13, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br><br><br><br><br><br><br><br>Chapter 11 |
| In re:<br><br>CHRISTOPHER & BANKS CORPORATION,<br>*et al.*,<br><br>       Debtors.[1] | Case No. 21-10269 (ABA)<br><br>Jointly Administered<br><br>**Hearing Date and Time:**<br>**April 13, 2021 at 2:00 p.m. (EST)** |

## ORDER (I) CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through five (5) is hereby **ORDERED**.

**DATED: April 13, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Christopher & Banks Corporation (5422), Christopher & Banks, Inc. (1237), and Christopher & Banks Company (2506). The Debtors' corporate headquarters is located at 2400 Xenium Lane North, Plymouth, Minnesota 55441.

61893/0001-40551236v2

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to section 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f), converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b); and it appearing that venue of these chapter 11 cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Effective as of April 19, 2021 (the "**Conversion Date**"), the Debtors' cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

3. The United States Trustee shall immediately appoint a chapter 7 trustee in this case.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

61893/0001-40551236v2

4. All professionals retained in the Debtors' chapter 11 cases pursuant to sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code shall file final statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous application and any "holdback" retained in accordance with the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 190]) (collectively, the "**Fee Applications**") on or before **May 19, 2021, at 4:00 p.m. (ET)**, or be forever barred from receiving any such compensation. A hearing on such timely filed final Fee Applications shall be held before this Court on **June 24, 2021, at 2:00 p.m. (ET)** (the "**Fee Hearing**"). Objections, if any, to a Fee Application must be filed and served on counsel to the Debtors and the party filing such Fee Application, so as to be actually received seven days prior to the Fee Hearing.

5. The Debtors shall:

   a. As soon as reasonably practicable after the qualification of, or assumption of duties by the chapter 7 trustee, turn over to the chapter 7 trustee all records and property of the estate in their possession or control, as required by Bankruptcy Rule 1019(4);

   b. Within 14 days of the Conversion Date, file all amendments to previously filed schedules and statements as necessary;

   c. Within 14 days of the Conversion Date, file a schedule of all property that was acquired after the commencement of the case, but before the Conversion Date;

   d. Within 14 days of the Conversion Date, file a schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the case, but before the Conversion Date;

   e. Within 14 days of the Conversion Date, file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each holder of a claim, as required by Bankruptcy Rule 1019(5); and

    f. Within 30 days of the Conversion Date, file and transmit a final report and account, including an accounting of all receipts and distributions or a statement indicating why the report cannot be filed, to the Office of the United States Trustee, as required by Bankruptcy Rule 1019(5).

6. Effective as of the Conversion Date, Omni Agent Solutions shall be discharged from its engagement as the Debtors' claims and noticing agent.

7. Nothing in this Order or the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the Final Cash Collateral Order, Store Closing Order, the Sale Order, and/or the Stalking Horse APA, prejudice any person or entity's rights thereunder or relieve any person or entity of obligations thereunder. All rights, claims, remedies, defenses and obligations under and in connection with the Final Cash Collateral Order, Store Closing Order, the Sale Order, and/or the Stalking Horse APA shall be reserved and preserved in their entirety. For the avoidance of doubt and without in any way limiting the foregoing, (a) all rights and obligations in respect of the Carve Out and the Carve Out Reserves (each as defined in the Final Cash Collateral Order) shall survive conversion of the cases, and (b) any lien priorities or superpriority claims granted pursuant to the Final Cash Collateral Order to the extent such liens and claims have not been paid in full, shall be limited to the Carve Out Reserves, once funded, and any remaining balance in the Carve-Out Reserve Accounts in excess of the amounts allowed and paid to Professional persons therefrom shall be paid over to the Buyer in accordance with the Final Cash Collateral Order and Stalking Horse APA, respectively.

8. The Debtors have agreed to file their March 2021 monthly operating reports and any applicable amended monthly operating reports for January and February 2021 and, pursuant to the Final Cash Collateral Order, have agreed to pay estimated statutory fees for the first quarter of 2021 on April 16, 2021.  To the extent that the Debtors are unable to file their March

4

2021 monthly operating reports and amended monthly operating reports for January and February 2021 and pay the estimated first quarter statutory fees on Friday, April 16, 2021, pursuant to the Final Cash Collateral Order, the Debtors shall pay the first quarter 2021 statutory fees prior to turnover of any funds to the chapter 7 trustee.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

61893/0001-40551236v2