UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

## ATTORNEY FEE APPLICATION COVER SHEET
## FOR THE PERIOD JANUARY 13, 2021 THROUGH APRIL 18, 2021

In re CB Wind-Down Corporation, *et al*.

Applicant: Cole Schotz P.C.

Case No. 21-10269 (ABA)

Client:  Chapter 11 Debtors and Debtors in Possession

Chapter 7

Case Filed: January 13, 2021

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

_/s/ Michael D. Sirota_     5/19/2020
MICHAEL D. SIROTA     Date

| SECTION I |
| --- |
| **FEE SUMMARY** |

Final Fee Application Covering the Period
January 13, 2021 through April 18, 2021:

| | |
| --- | --- |
| FEE TOTALS | $720,183.50 |
| DISBURSEMENTS TOTALS | $10,732.86 |
| TOTAL FEE APPLICATION | $730,916.36 |

| | FEES | EXPENSES |
| --- | --- | --- |
| TOTAL PREVIOUS FEES REQUESTED: | $720,183.50 | $10,732.86 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $278,451.85 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $144,036.70 | N/A |
| TOTAL RECEIVED BY APPLICANT: | $576,146.80 | $10,732.86 |

---

**SECTION II**
**CASE HISTORY**

---

(1)     Date case filed:  January 13, 2021

(2)     Chapter under which case commenced:  Chapter 11

(3)     Date of retention:  February 5, 2021, *nunc pro tunc* to January 13, 2021. Se̲e̲ **Exhibit A**.

       If limit on number of hours or other limitations to retention, set forth: n/a

(4)     Summarize in brief the benefits to the estate and attach supplements as needed:  Se̲e̲ narrative portion of fee application.

(5)     Anticipated distribution to creditors:

       (a)     Administration expense: Unknown at this time.

       (b)     Secured creditors: Unknown at this time.

       (c)     Priority creditors: Unknown at this time.

       (d)     General unsecured creditors: Unknown at this time.

(6)     Final disposition of case and percentage of dividend paid to creditors (if applicable):  The Debtors' Chapter 11 cases were converted to cases under Chapter 7.

61893/0001-40585579v2

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota (msirota@coleschotz.com)
Felice R. Yudkin (fyudkin@coleschotz.com)
Jacob S. Frumkin (jfrumkin@coleschotz.com)
Matteo Percontino (mpercontino@coleschotz.com)
Rebecca W. Hollander (rhollander@coleschotz.com)

*Attorneys for the Chapter 11 Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 7 |
| CB WIND-DOWN CORPORATION, *et al.,* .[1] | Case No. 21-10269 (ABA) |
| Debtors | Jointly Administered |

**FINAL APPLICATION OF COLE SCHOTZ P.C. FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: CB Wind-Down Corporation (f/k/a Christopher & Banks Corporation) (5422), CB Wind-Down, Inc. (f/k/a Christopher & Banks, Inc.) (1237), and CB Wind-Down Company, Inc. (f/k/a Christopher & Banks Company) (2506).

Cole Schotz P.C. ("**Cole Schotz**"), as counsel for Christopher & Banks Corporation and its subsidiaries as Chapter 11 debtors and debtors in possession (the "**Debtors**"), hereby submits this final application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "**Application**") pursuant to (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**Guidelines**"), and (iii) this Court's *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court*, dated February 8, 2021 [Docket No. 190] (the "**Interim Compensation Procedures Order**"), for professional services rendered by Cole Schotz for the period commencing January 13, 2021 through and including April 18, 2021 (the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period.  In support of this Application, Cole Schotz respectfully represents as follows:

<u>**BACKGROUND**</u>

1.      On January 13, 2021 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case (collectively, the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.

2.      On January 26, 2021, the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") [Docket No. 118].

3.      The Debtors' cases are being jointly administered under lead Case No. 21-10269 pursuant to Bankruptcy Rule 1015 [Docket No. 45].

2

4.      Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Keri L. Jones in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 18].

5.      The Debtors operated their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code from the Petition Date through April 18, 2021.  No examiner or chapter 11 trustee was appointed in the Debtors' Chapter 11 Cases.  On April 13, 2021, the Court entered an Order [Docket No. 380] (the "**Conversion Order**") granting the Debtors' *Motion for Entry of an Order (I) Converting Their Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications, and (III) Granting Related Relief* [Docket No. 363] (the "**Conversion Motion**"), effective as of April 19, 2021 (the "**Conversion Date**").  Thereafter, Douglas S. Stanger (the "**Chapter 7 Trustee**") was appointed as the chapter 7 trustee of the Debtors' cases [Docket No. 381].

6.      Pursuant to the Conversion Order, all Fee Applications must be filed and served on or before May 19, 2021 at 4:00 p.m. EST.

## **INFORMATION REQUIRED BY THE GUIDELINES**

A.      The Scope of the Application

7.      Consistent with the Guidelines, Cole Schotz discloses the following concerning the scope of the Application:

| Name of Applicant | Cole Schotz P.C. |
| --- | --- |
| Name of Client | Debtors in Possession |
| Petition Date | January 13, 2021 |

3

| | |
|---|---|
| Retention Date | Order signed February 5, 2021 [Docket No. 158] ("**Retention Order**"), effective January 13, 2021. |
| Date of Order Approving Employment | February 5, 2021; a true copy of the Retention Order is attached as **Exhibit A**. |
| Time Period Covered by Application | January 13, 2021 – April 18, 2021 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Final application under 11 U.S.C. § 330 |
| Date and Terms of Interim Compensation Procedures Order | On February 8, 2021, this Court entered the Interim Compensation Procedures Order. Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement.  The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $720,183.50 |
| Total Expenses Sought this Period | $10,732.86 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $562.33 |
| Blended rate in this application for all timekeepers | $542.51 |

4

| | |
|---|---|
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $576,146.80 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $10,732.86 |
| If applicable, number of professionals and paraprofessionals in this application not included in staffing plan approved by client | 9[2] |
| If applicable, difference between fees budgeted and compensation sought for this period | Cole Schotz budgeted $1,365,000.00 in fees during the Compensation Period and incurred $720,183.50 in fees during the Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this period | 6 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [] Yes          [X]  No |
| | N/A |

### B.    Summary of Time Keepers and Rate Increases

8.    With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **Exhibit B** attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; (vii) current hourly rate contained in this application; and (viii) hourly rate contained in this application.  No rate increases were implemented during the Compensation Period.

---

[2] The staffing plan approved by the Debtors included the attorneys and paraprofessionals that would predominantly staff these cases.  The 9 additional professionals included in this Application that were not included in the staffing plan billed $69,496.00 in the aggregate during the Compensation Period, which represents 9.60% of the total fees billed during the Compensation Period.

5

### C.    Customary and Comparable Compensation

9.    Cole Schotz submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the 2020 calendar year as compared to the Compensation Period.  As set forth in Exhibit C, Cole Schotz's blended hourly rate for all timekeepers during the Compensation Period was $542.51.

### D.    Statements from the Applicant

10.    Consistent with the Guidelines, Cole Schotz answers the following questions:

| Question | Answer |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are not higher than 10% of what was budgeted. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes (minimal time/fees) |
| Does the fee application includes any rate increases? | No |

### E.    Budget and Staffing Plan

11.    Consistent with the Guidelines, Cole Schotz provided the Debtors with, and the Debtors approved, a budget and staffing plan for the Compensation Period.  Copies of the approved budgets and staffing plan for the Compensation Period are attached hereto as **Exhibits**

61893/0001-40585579v2

**D-1** and **D-2**.  As set forth below, the total hours and fees actually incurred did not exceed the

budget by more than 10% in the aggregate during the Compensation Period:

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|---|---|---|---|---|
| January 13, 2021 – January 31, 2021 | 725.00 | 479.60 | $471,250.00 | $265,821.00 |
| February 2021 | 662.50 | 525.70 | $430,625.00 | $284,207.00 |
| March 2021 | 437.50 | 205.60 | $284,375.00 | $109,825.50 |
| April 2021 | 275.00 | 116.60 | $178,750.00 | $60,330.00 |
| **Total** | **2,100.00** | **1,327.50** | **$1,365,000.00** | **$720,183.50** |

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

12.     Cole Schotz seeks allowance of compensation of professional services rendered to

the Debtors during the Compensation Period in the amount of $720,183.50.[3]  In addition, Cole

Schotz seeks approval for reimbursement of expenses incurred in connection with the rendition

of its services in the aggregate amount of $10,732.86.  During the Compensation Period, Cole

Schotz attorneys and paraprofessionals expended a total of 1,327.50 hours for which

compensation is requested.  The fees charged by Cole Schotz in this proceeding are billed in

accordance with its existing billing rates and procedures in effect during the Compensation

Period.

13.     The following summary highlights the major areas in which Cole Schotz rendered

services during the Compensation Period.  As required by the Guidelines, the summary is

organized by project category.  A summary chart setting forth the number of hours spent and the

amount of compensation requested for each project category is attached as **Exhibit E-1** and a

---

[3] Cole Schotz will file a fee supplement seeking compensation for services rendered in connection with the post-Conversion Date preparation of this Application.

summary chart setting forth the amount of expenses requested by Cole Schotz in this Application

is attached as **Exhibit E-2**.  The full breadth of Cole Schotz's services performed for the period

January 13, 2021 through and including April 18, 2021 is reflected in the time records which are

attached to Cole Schotz's monthly fee statements, *see* Docket Nos. 208, 316, 376, 410, and

incorporated herein by reference.

14.    As described in more detail below, during the Compensation Period, Cole Schotz

advised the Debtors on a broad range of issues, including negotiating the Debtors' use of post-

petition cash collateral, was intimately involved in all aspects of the sale of the Debtors' assets,

including liquidation sales at all 449 retail locations and the marketing and sale of the remaining

assets, and worked with the Debtors and all interested parties to maximize the value of their

estates for the benefit of creditors.  Ultimately, once it was determined that conversion was in the

best interests of the Debtors' estates and creditors, Cole Schotz worked closely with the Debtors

and their advisors to ensure the timely and successful transition of the Chapter 11 Cases into

chapter 7 cases.  In particular, Cole Schotz expended significant time on the following tasks:

### A.    Asset/Business Disposition

15.    This category includes time expended by Cole Schotz with respect to the sale of

the Debtors' assets.  Among other things, Cole Schotz:

a.    Prepared and prosecuted a *Motion for Entry of Interim and Final Orders*

*(A)(1) Confirming, on an Interim Basis, that the Store Closing Agreement is Operative and*

*Effective and Authorizing, on a Final Basis the Debtors to Assume the Store Closing Agreement,*

*(B) Authorizing and Approving Store Closing Sales Free and Clear of All Liens, Claims, and*

*Encumbrances, (C) Approving Dispute Resolution Procedures, and (D) Authorizing Customary*

*Bonuses to Employees of Stores* [Docket No. 16].  The Court entered an order granting the

motion on February 8, 2021 [Docket No. 188].

8

b.      Cole Schotz was actively involved in ensuring that the Debtors' store closing sales maximized the value of their estates for the benefit of their creditor constituencies. More specifically, Cole Schotz was regularly and intimately involved in all aspects of the closing sales at the Debtors' 449 retail locations, including strategizing and coordinating with the Debtors, Berkeley Research Group, LLC ("**BRG**"), B. Riley Securities, Inc. ("**B. Riley**"), the Debtors' liquidators, and the Debtors' pre-petition lenders to ensure the successful wind down of the Debtors' brick and mortar operations while preserving the value of the Debtors' intellectual property and other assets in light of the ongoing asset sale process.

c.      As a result of the cash generated by way of the closing sales, on February 12, 2021, the Debtors repaid the ABL Obligations (as that term is defined in the Final Cash Collateral Order (defined below)) in full.

d.      Prepared and prosecuted a *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Expense Reimbursement, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 111] on shortened time.  An order granting the bidding procedures was entered on February 2, 2021 [Docket No. 146] (the "**Bidding Procedures Order**").

e.      Both before and after the entry of the Bidding Procedures Order, Cole Schotz was actively involved in the marketing of the Debtors' assets.  For example, Cole Schotz, along with

9

the Debtors and their advisors, was actively involved in the negotiation and drafting of the

stalking horse asset purchase agreement (the "**Stalking Horse APA**") pursuant to which ALCC,

LLC and/or one or more authorized designees thereof (collectively, the "**Buyer**") agreed to

purchase substantially all of the Debtors' remaining assets (the "**Sale**").  Cole Schotz and the

Debtors negotiated the Stalking Horse APA based upon a budget of the Debtors' anticipated

post-petition expenses and with the goal of consummating a transaction that would render the

Debtors' estates administratively solvent.  After the negotiation of the Stalking Horse APA, Cole

Schotz continued to work with the Debtors and their advisors to market the Debtors' assets to

third parties, but no other viable purchasers emerged.

      f.     An order granting the Sale to the Buyer was entered on February 23, 2021

[Docket No. 266].  The Sale closed on March 2, 2021, effective as of March 1, 2021.  On March

2, 2021, in connection with the closing of the Sale, the Debtors satisfied the remaining Term

Loan Obligations and the Vendor Program Obligations (as those terms are defined in the Final

Cash Collateral Order), which obligations were assumed liabilities under the asset purchase

agreement with the Buyer.

## B.    Assumption and Rejection of Leases and Contracts

16.    Prior to the Sale, Cole Schotz worked with the Debtors to identify and reject

unexpired leases and executory contracts on a rolling basis as they became unnecessary for the

Debtors' operations.  After the Sale, Cole Schotz worked with the Debtors and the Buyer to

identify executory contracts that were no longer needed by the Debtors and that the Buyer did

not want to take an assignment of and filed notices of rejection with respect to those agreements

on a rolling basis.  Cole Schotz also responded to landlord and other contract counterparty

inquiries regarding the status of various unexpired leases and executory contracts.

10

### C.    Business Operations

17.    This category includes time expended by Cole Schotz with respect to the Debtors' business operations.  During the Compensation Period, Cole Schotz engaged in significant discussions with the case professionals and other interested parties, and analyzed and made recommendations to the Debtors with respect to a variety of matters.

18.    This time category also includes time Cole Schotz spent prosecuting various first day motions related to the Debtors' business operations, including shippers, insurance, and utilities, on an interim and final basis, and communicating with various creditors, vendors, and landlords in connection with same.

### D.    Case Administration

19.    This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of the Chapter 11 Cases.  It also includes significant time expended by Cole Schotz at the outset of these cases stabilizing the Debtors' operations.

20.    This time category also includes time Cole Schotz spent prosecuting various first day motions on an interim and final basis and drafting and prosecuting various administrative motions and applications critical to the smooth and efficient administration of the Chapter 11 Cases.

21.    Lastly, it includes time Cole Schotz spent analyzing potential wind down options for the Chapter 11 Cases, communicating with the Debtors, their advisors, and the Committee regarding same, and, ultimately, drafting and prosecuting the Conversion Motion on shortened notice and drafting, revising, and coordinating the filing of the various reports required by the Conversion Order.

11

### E.    Claims Administration and Objections

22.    This category includes significant time expended by Cole Schotz researching various claims, including claims under Section 503(b)(9), in connection with Cole Schotz's efforts to secure the solvency of the Debtors' estates.  It also includes time preparing and prosecuting a *Motion for Entry of an Order Establishing a Bar Date for Filing Administrative Expense Claims, Approving Form, Manner and Sufficiency of Notice Thereof, and Approving the Administrative Expense Form* [Docket No. 262] on shortened notice, which was motion granted on February 25, 2021 [Docket No. 275].

### F.    Employee Benefits/Pensions

23.    This category includes time expended by Cole Schotz advising the Debtors with respect to various employment matters, including the drafting and prosecution of *Motion of Christopher & Banks, Inc. for Entry of an Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Approving the (I) Termination of the 401(k) Plan and (II) Implementation of Procedures in Connection Therewith* [Docket No. 273], which motion was granted on March 18, 2021 [Docket No. 325].  Cole Schotz also worked with the Debtors, their third-party insurance providers, and the Buyer to wind down the Debtors' medical and dental insurance plans and provide for the payment of claims incurred during the plan periods but not reported until the runout period.

### G.    Fee Employment and Fee Application Preparation

24.    These categories include time expended by Cole Schotz preparing, reviewing, revising, and filing the retention applications and monthly fee statements of various professionals in the Debtors' bankruptcy proceedings.  Among other things, Cole Schotz (i) conducted a thorough conflicts check analysis and prepared the Debtors' application to retain Cole Schotz as its counsel; (ii) prepared the Debtors' applications to retain BRG as the Debtors' financial

advisor, B. Riley as the Debtors' investment banker, Dorsey & Whitney LLP ("**Dorsey &**

**Whitney**") as the Debtors' Special Corporate and Securities Counsel, and Omni Agent Solutions

as the Debtors' administrative agent and its claims and noticing agent; (iv) prepared, served and

filed Cole Schotz's, BRG's, B. Riley's, and Dorsey & Whitney's monthly fee statements; and (v)

reviewed, analyzed and ensured that the applications of the Debtors and their professionals were

in compliance with the Bankruptcy Rules, the Guidelines, and the Interim Compensation

Procedures Order.

### H.    <u>Financing</u>

25.    This category includes time expended by Cole Schotz with respect to the Debtors'

use of cash collateral and the terms thereof.  Cole Schotz negotiated and prepared a motion (the

"**Cash Collateral Motion**") [Docket No. 17] for the entry of interim and final orders authorizing

the Debtors' use of their pre-petition lenders' cash collateral and granting adequate protection in

connection therewith.  The Court entered an order granting the Cash Collateral Motion and

approving a related budget on an interim basis at the first day hearing on January 15, 2021

[Docket No. 56].  Thereafter, the Court entered an order granting the Cash Collateral Motion and

approving a related budget on a final basis on February 8, 2021 after the Debtors reached a

consensual resolution of a variety of matters with their pre-petition lenders and the Committee

[Docket No. 189] (the "**Final Cash Collateral Order**").[4]

26.    More specifically, and among other things, in furtherance of the Debtors and the

Committee's attempt to provide for the administrative solvency of the Debtors' estates,

paragraph 55 of the Final Cash Collateral Order provided for a Section 503(b)(9) Claims Reserve

---

[4] Capitalized terms used but not defined in this Section shall have the meanings ascribed to them in the
Final Cash Collateral Order.

in an amount equal to the aggregate of: (x) the first $200,000 of expense savings realized by the Debtors under the Budget (excluding savings realized by the Debtors under the Statutory Committee's Professional Fees line item under the Budget), if any, plus (y) all savings realized by the Debtors under the Statutory Committee's Professional Fees line item under the Budget, if any.

27.     In addition, this category includes time expended by Cole Schotz regularly engaging in discussions with the Debtors' pre-petition lenders regarding their continued use of cash collateral, as well as the Debtors' operations, liquidation sales, and budget versus actual performance.  In connection therewith, Cole Schotz regularly prepared, reviewed, and conducted critical analyses of financing documents and related matters, including budgets, forecasts, and presentations regarding the sale process and anticipated sales process, and presented evaluations and assessments of same to the Debtors.

## I.     Reporting

28.     This time category includes time Cole Schotz spent preparing the Debtors' schedules of assets and liabilities and statements of financial affairs and amendments to same, reviewing and revising the Debtors' monthly operating reports and corresponding with the client, the US Trustee, and BRG regarding proposed revisions to the filed monthly operating reports for the months of January and February, and coordinating the payment of US Trustee fees prior to the Conversion Date.

## RELIEF REQUESTED AND BASIS THEREFOR

29.     The professional services performed by Cole Schotz on the Debtors' behalf during the Compensation Period required an aggregate expenditure of 1,327.50 recorded hours by Cole Schotz's members, associates and paraprofessionals.  Of the aggregate time expended,

14

655.00 recorded hours were expended by members of Cole Schotz, 573.20 recorded hours were expended by associates, and 99.30 recorded hours were expended by paraprofessionals.

30.    During the Compensation Period, Cole Schotz's hourly billing rates for attorneys and paraprofessionals ranged from $225.00 to $1,050.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $542.51 for all timekeepers, which includes a blended rate of $314.09 and $562.33 for paraprofessionals and attorneys, respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of services.

31.    Cole Schotz has incurred $10,732.86 in direct out-of-pocket expenses in providing professional services during the Compensation Period.  These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

32.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

33.    Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  In re Engel, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); see also In re Fleming Cos., 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The majority of courts which have interpreted Section 330 of the Bankruptcy Code

have held that an element of whether such services are "necessary" is whether they benefitted the

bankruptcy estate.  Engel, 190 B.R. at 209.  Further, the test for determining necessity is

objective, focusing on what services a reasonable lawyer would have performed under the same

circumstances.  In re APW Enclosure Sys., Inc., No. 06-11378 (MFW), 2007 WL 3112414, at *3

(Bankr. D. Del. 2007) (citing Fleming, 304 B.R. at 89).  This test does not rely on hindsight to

determine the ultimate success or failure of the attorney's actions.  See id. (citing, inter alia,

Keate v. Miller (In re Kohl), 95 F.3d 713, 714 (8th Cir. 1996)).

34.     Once the court determines that a service was necessary, it also assesses the

reasonable value of the service.  11 U.S.C. § 303(a)(3).  Section 330(a)(3) of the Bankruptcy

Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be
> awarded . . . the court shall consider the nature, extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and

61893/0001-40585579v2

      (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.     In determining the reasonableness of fees, courts routinely "employ the twelve factors set forth in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)." <u>Staiano v. Cain (In re Lan Assocs. XI, L.P.)</u>, 192 F.3d 109, 123 (3d Cir. 1999). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Id.</u> at 123 n.8.

36.     In the instant case, Cole Schotz devoted a substantial amount of time and effort to addressing the numerous issues involved in the Chapter 11 Cases. Cole Schotz respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Debtors, were performed economically, effectively, and efficiently. Because Cole Schotz's services benefitted the bankruptcy estates, Cole Schotz respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

37.     Further, Cole Schotz submits that consideration of the relevant factors enumerated in <u>Lan Assocs.</u>, 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors:

17

(a)     *The Time and Labor Required*.  The professional services rendered by Cole Schotz on behalf of the Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered by the Debtors in these cases with skill and dispatch.  Cole Schotz respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b)     *The Novelty and Difficulty of Questions*.  Although the issues in this case were not particularly novel, many legal challenges have arisen in the course of these cases.  Cole Schotz's effective assistance has facilitated the resolution of such issues.

(c)     *The Skill Required to Perform the Legal Services Properly*.  Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization contributed to the efficient and effective representation of the Debtors in the Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Cole Schotz's representation of the Debtors did not preclude its acceptance of new clients.  However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to the Chapter 11 Cases.

(e)     *The Customary Fee*.  The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind.  Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors.  Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other chapter 11 cases, as well as with fees charged by other attorneys of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*.  Not applicable.

(g)     *Time Limitations Imposed by Client or other Circumstances*.  Not applicable.

(h)     *The Amount Involved and Results Obtained*.  Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i)     *The Experience, Reputation and Ability of the Attorneys*.  Cole Schotz is a professional association with approximately 150 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law.  Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the United States Bankruptcy Court for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

18

(j)     *The Undesirability of the Case*.  Not applicable.

(k)     *Nature and Length of Professional Relationship*.  Not applicable.

(l)     *Awards In Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases.

WHEREFORE, Cole Schotz respectfully requests a final fee allowance as bankruptcy counsel for the Debtors in the amount of $720,183.50, together with reimbursement of expenses in the amount of $10,732.86, for a total final fee award of $730,916.36.

DATED:  May 19, 2021                    Respectfully submitted,

                                        **COLE SCHOTZ P.C.**
                                        *Attorneys for the Chapter 11 Debtors*
                                        *and Debtors in Possession*

                                        */s/ Michael D. Sirota*_____
                                        Michael D. Sirota (msirota@coleschotz.com)
                                        Felice R. Yudkin (fyudkin@coleschotz.com)
                                        Jacob S. Frumkin (jfrumkin@coleschotz.com)
                                        Matteo Percontino (mpercontino@coleschotz.com)
                                        Rebecca W. Hollander (rhollander@coleschotz.com)
                                        Court Plaza North
                                        25 Main Street
                                        P.O. Box 800
                                        Hackensack, New Jersey 07602-0800
                                        Telephone:  (201) 489-3000
                                        Facsimile:  (201) 489-1536

61893/0001-40585579v2

**EXHIBIT A**

**Retention Order**

61893/0001-40585579v2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota (msirota@coleschotz.com)
Felice R. Yudkin (fyudkin @coleschotz.com)
Jacob S. Frumkin (jfrumkin@coleschotz.com)
Matteo Percontino (mpercontino@coleschotz.com)
Rebecca W. Hollander (rhollander@coleschotz.com)
(201) 489-3000
(201) 489-1536 Facsimile

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

Order Filed on February 5, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

CHRISTOPHER & BANKS CORPORATION,
*et al.*,

Debtors.[1]

Chapter 11

Case No. 21-10269 (ABA)

Joint Administration Requested

**Hearing Date and Time:**

**ORDER APPROVING THE EMPLOYMENT AND RETENTION
OF COLE SCHOTZ P.C. AS BANKRUPTCY COUNSEL TO
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: February 5, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Christopher & Banks Corporation (5422), Christopher & Banks, Inc. (1237), and Christopher & Banks Company (2506). The Debtors' corporate headquarters is located at 2400 Xenium Lane North, Plymouth, Minnesota 55441.

(Page 2)
Debtors:                 CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.                 21-10269 (ABA)
Caption of Order:        ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                         SCHOTZ P.C. AS BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC
                         PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of Christopher & Banks Corporation and its

subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"),  pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code,

Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Cole

Schotz P.C. ("**Cole Schotz**") as their bankruptcy counsel in these proceedings *nunc pro tunc* to the

Petition Date; and the Court having jurisdiction to decide the Application and the relief requested

therein in accordance with 28. U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the*

*Bankruptcy Court Under Title* 11of the United States District Court for the District of New Jersey,

dated September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been

given as provided in the Application, and such notice having been adequate and appropriate under the

circumstances; and it appearing that no other or further notice of the Application need be provided;

and upon the Declarations of Michael D. Sirota, Esq. and Keri L. Jones in support thereof; and the

Court being satisfied that Cole Schotz does not hold or represent any interest adverse to the Debtors,

their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and

101(14) of the Bankruptcy Code, and that said employment would be in the best interest of the

Debtors, their respective estates and creditors, and all parties-in-interest, and that the legal and factual

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)
Debtors:            CHRISTOPHER & BANKS CORPORATION, *et al.*
Case No.            21-10269 (ABA)
Caption of Order:   ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                    SCHOTZ P.C. AS BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC
                    PRO TUNC* TO THE PETITION DATE

---

bases set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** to the extent set forth herein.

2.      In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the Debtors

are hereby authorized and empowered to employ and retain Cole Schotz as their bankruptcy counsel

in these chapter 11 cases effective as of the Petition Date.

3.      Any and all compensation to be paid to Cole Schotz for services rendered on the

Debtors' behalf shall be fixed by application to this Court in accordance with sections 330 and 331 of

the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders

entered in these cases governing the compensation and reimbursement of professionals for services

rendered and charges and disbursements incurred.  Cole Schotz also shall make a reasonable effort to

comply with the U.S. Trustee Guidelines, both in connection with the Application and the interim and

final fee applications to be filed by Cole Schotz in the chapter 11 cases.

4.      The Debtors are authorized to take all action necessary to carry out this Order.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, and/or enforcement of this Order.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Michael D. Sirota | Member | Bankruptcy | 1986 | $91,455.00 | 87.10 | $1,050.00 |
| Stuart Komrower | Member | Bankruptcy | 1984 | $87,723.00 | 102.60 | $830.00 |
| David M. Bass | Member | Bankruptcy | 1994 | $4,800.00 | 3.80 | $825.00 |
| Marc Press | Member | Corporate | 1985 | $158.00 | 0.20 | $755.00 |
| Marc R. Berman | Member | Tax, Trusts & Estates | 1981 | $1,911.00 | 2.60 | $735.00 |
| Roger Iorio | Member | Corporate | 2002 | $24,978.00 | 36.20 | $690.00 |
| Randi Kochman | Member | Employment Litigation | 1995 | $3,536.00 | 5.20 | $680.00 |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | $238,125.00 | 381.00 | $625.00 |
| Jacob S. Frumkin | Member | Bankruptcy | 2010 | $18,150.00 | 36.30 | $500.00 |
| Matteo Percontino | Associate | Bankruptcy | 2010 | $41,670.00 | 92.60 | $450.00 |
| Rebecca W. Hollander | Associate | Bankruptcy | 2014 | $145,840.00 | 364.60 | $400.00 |
| Adam Horowitz | Associate | Litigation | 2016 | $4,800.00 | 12.80 | $360.00 |
| Samantha Epstein | Associate | Corporate | 2015 | $11,448.00 | 31.80 | $360.00 |
| Peter Strom | Associate | Bankruptcy | 2021 | $16,065.00 | 71.40 | $225.00 |
| Frances Pisano | Paralegal | Bankruptcy | N/A | $29,389.50 | 93.30 | $315.00 |
| Kim McEllen | Paralegal | Bankruptcy | N/A | $1,800.00 | 6.00 | $300.00 |
| | | | | **$720,183.50** | **1,327.50** | n/a |

Client Name:          CB Wind-Down Corporation, *et al.*
Case Number:          21-10269 (ABA)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  May 19, 2021
Interim or Final:     Final

UST Form 11-330-B (2013)
61893/0001-40585581v2

# EXHIBIT C

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER<br><br>(using categories already maintained by the firm) | BLENDED HOURLY RATE | |
|---|---|---|
| | Billed by New York and New Jersey Office Excluding Bankruptcy[1] | BILLED<br><br>In this fee application |
| Member | $605.73 | $718.83 |
| Special Counsel | $571.01 | n/a |
| Associate | $359.33 | $383.50 |
| Paralegal | $278.91 | $314.09 |
| Other (please define) | $248.53[2] | n/a |
| All timekeepers aggregated | $486.55 | $542.51 |

Client Name:          CB Wind-Down Corporation, *et al.*
Case Number:          21-10269 (ABA)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  May 19, 2021
Interim or Final:     Final

---

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated for the 2020 calendar year; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

[2] Timekeepers consist of Law Clerks, Litigation Support Specialists, Legal Practice Assistants, Project Assistants, Summer Associates, and Administrative Assistants.

**EXHIBIT D-1**

**BUDGET FOR THE PERIOD**
**JANUARY 13, 2021 THROUGH JANUARY 31, 2021**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 0.00 | $0.00 |
| Asset/Business Disposition | 250.00 | $162,500.00 |
| Assumption and Rejection of Leases and Contracts | 20.00 | $13,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $3,250.00 |
| Business Operations | 75.00 | $48,750.00 |
| Case Administration | 150.00 | $97,500.00 |
| Claims Administration and Objections | 10.00 | $6,500.00 |
| Corporate Governance and Board Matters | 10.00 | $6,500.00 |
| Employee Benefits/Pensions | 30.00 | $19,500.00 |
| Fee Application Preparation | 10.00 | $6,500.00 |
| Fee Employment | 30.00 | $19,500.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 50.00 | $32,500.00 |
| Litigation | 20.00 | $13,000.00 |
| Meetings of Creditors | 0.00 | $0.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 0.00 | $0.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 10.00 | $6,500.00 |
| Reporting | 50.00 | $32,500.00 |
| Tax Issues | 5.00 | $3,250.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 0.00 | $0.00 |
| **Total:** | **725.00** | **$471,250.00** |

## BUDGET FOR THE MONTH FEBRUARY 2021

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 250.00 | $162,500.00 |
| Assumption and Rejection of Leases and Contracts | 75.00 | $48,750.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $3,250.00 |
| Business Operations | 50.00 | $32,500.00 |
| Case Administration | 50.00 | $32,500.00 |
| Claims Administration and Objections | 50.00 | $32,500.00 |
| Corporate Governance and Board Matters | 10.00 | $6,500.00 |
| Employee Benefits/Pensions | 40.00 | $26,000.00 |
| Fee Application Preparation | 25.00 | $16,250.00 |
| Fee Employment | 0.00 | $0.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 50.00 | $32,500.00 |
| Litigation | 20.00 | $13,000.00 |
| Meetings of Creditors | 10.00 | $6,500.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 0.00 | $0.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 10.00 | $6,500.00 |
| Reporting | 12.50 | $8,125.00 |
| Tax Issues | 5.00 | $3,250.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 0.00 | $0.00 |
| **Total:** | **662.50** | **$430,625.00** |

61893/0001-40585585v1

## BUDGET FOR THE MONTH MARCH 2021

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 50.00 | $32,500.00 |
| Assumption and Rejection of Leases and Contracts | 40.00 | $26,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $3,250.00 |
| Business Operations | 75.00 | $48,750.00 |
| Case Administration | 75.00 | $48,750.00 |
| Claims Administration and Objections | 50.00 | $32,500.00 |
| Corporate Governance and Board Matters | 10.00 | $6,500.00 |
| Employee Benefits/Pensions | 50.00 | $32,500.00 |
| Fee Application Preparation | 25.00 | $16,250.00 |
| Fee Employment | 0.00 | $0.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 10.00 | $6,500.00 |
| Litigation | 20.00 | $13,000.00 |
| Meetings of Creditors | 0.00 | $0.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 0.00 | $0.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 10.00 | $6,500.00 |
| Reporting | 12.50 | $8,125.00 |
| Tax Issues | 5.00 | $3,250.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 0.00 | $0.00 |
| **Total:** | **437.50** | **$284,375.00** |

61893/0001-40585585v1

**BUDGET FOR THE MONTH APRIL 2021**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 0.00 | $0.00 |
| Asset Disposition | 30.00 | $19,500.00 |
| Assumption and Rejection of Leases and Contracts | 20.00 | $13,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $3,250.00 |
| Business Operations | 30.00 | $19,500.00 |
| Case Administration | 50.00 | $32,500.00 |
| Claims Administration and Objections | 20.00 | $13,000.00 |
| Corporate Governance and Board Matters | 10.00 | $6,500.00 |
| Employee Benefits/Pensions | 30.00 | $19,500.00 |
| Fee Application Preparation | 25.00 | $16,250.00 |
| Fee Employment | 0.00 | $0.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 10.00 | $6,500.00 |
| Litigation | 10.00 | $6,500.00 |
| Meetings of Creditors | 0.00 | $0.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 0.00 | $0.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 10.00 | $6,500.00 |
| Reporting | 20.00 | $13,000.00 |
| Tax Issues | 5.00 | $3,250.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 0.00 | $0.00 |
| **Total:** | **275.00** | **$178,750.00** |

| | |
|---|---|
| Client Name: | CB Wind-Down Corporation, *et al.* |
| Case Number: | 21-10269 (ABA) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | May 19, 2021 |
| Interim or Final: | Final |

61893/0001-40585585v1

**EXHIBIT D-2**
**STAFFING PLAN FOR THE PERIOD JANUARY 13, 2021 THROUGH APRIL 2021**

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Member | 4 | $757.50 |
| | Counsel | - | - |
| | Sr. Associate (7 or more years since first admission) | 2 | $425.00 |
| | Associate (4-6 years since first admission) | - | - |
| | Jr. Associate (1-3 years since first admission) | - | - |
| | Paralegal | 1 | $315.00 |
| | Other (Law Clerk) | - | - |

This staffing plan (the "**Staffing Plan**") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.  The Staffing Plan is Cole Schotz's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

Client Name:          CB Wind-Down Corporation, *et al.*
Case Number:          21-10269 (ABA)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  May 19, 2021
Interim or Final:     Final

61893/0001-40585589v2

**EXHIBIT E-1**

**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis | 0.00 | $0.00 | 0.00 | $0.00 |
| Asset/Business Disposition | 580.00 | $377,000.00 | 366.30 | $209,865.00 |
| Assumption and Rejection of Leases and Contracts | 155.00 | $100,750.00 | 93.60 | $38,984.50 |
| Preference Actions/Response | 0.00 | $0.00 | 0.00 | $0.00 |
| Budgeting (Case) | 20.00 | $13,000.00 | 0.00 | $0.00 |
| Business Operations[1] | 230.00 | $149,500.00 | 177.60 | $96,639.00 |
| Case Administration | 325.00 | $211,250.00 | 224.50 | $127,037.00 |
| Claims Administration and Objections | 130.00 | $84,500.00 | 40.00 | $19,641.50 |
| Corporate Governance and Board Matters | 40.00 | $26,000.00 | 9.50 | $7,680.00 |
| Employee Benefits/Pensions | 150.00 | $97,500.00 | 54.50 | $28,789.50 |
| Fee Application Preparation | 85.00 | $55,250.00 | 52.30 | $21,155.00 |
| Fee Employment | 30.00 | $19,500.00 | 33.60 | $15,338.50 |
| Fee Objections | 0.00 | $0.00 | 0.00 | $0.00 |
| Financing | 120.00 | $78,000.00 | 120.50 | $94,253.50 |
| Litigation | 70.00 | $45,500.00 | 8.30 | $2,776.00 |
| Meetings of Creditors | 10.00 | $6,500.00 | 0.00 | $0.00 |
| Disclosure Statement | 0.00 | $0.00 | 0.00 | $0.00 |
| Plan of Reorganization | 0.00 | $0.00 | 0.60 | $630.00 |
| Real Estate | 0.00 | $0.00 | 0.00 | $0.00 |
| Relief from Stay | 40.00 | $26,000.00 | 2.90 | $1,410.50 |
| Reporting | 95.00 | $61,750.00 | 142.80 | $55,783.50 |
| Tax Issues | 20.00 | $13,000.00 | 0.50 | $200.00 |
| Valuation | 0.00 | $0.00 | 0.00 | $0.00 |
| Non-Working Travel | 0.00 | $0.00 | 0.00 | $0.00 |
| **Total:** | **2,100.00** | **$1,365,000.00** | **1,327.50** | **$720,183.50** |

Client Name:          CB Wind-Down Corporation, *et al.*
Case Number:          21-10269 (ABA)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  May 19, 2020
Interim or Final:     Final

---

[1] The number of hours billed and the amount of fees sought under the project category "Business Operations" include 13.30 hours and $6,576.50 in fees inadvertently categorized as "Regulatory Compliance" on the Applicant's February and March 2021 monthly fee statements.

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Copies | $0.00 |
| Outside Printing | $0.00 |
| Telephone/Conference Calls | $1,871.45 |
| Facsimile | $0.00 |
| Online Research | $1209.93 |
| Delivery Services/Couriers | $76.28 |
| Postage | $33.00 |
| Travel - Mileage/Tolls | $0.00 |
| Travel - Rail | $0.00 |
| Travel - Meals | $0.00 |
| Travel - Transportation | $0.00 |
| Travel - Air Fare | $0.00 |
| Meals (Local) – Lunch/Dinner Conferences | $0.00 |
| Court Fees (Pacer searches and download of pleadings) | $64.80 |
| Filing Fees | $5,261.00 |
| Service of Process/Subpoena | $0.00 |
| Witness Fees | $0.00 |
| Deposition Transcripts | $0.00 |
| Trial Transcripts | $0.00 |
| Trial Exhibits | $0.00 |
| Litigation Support Vendors | $0.00 |
| Lien/Litigation Work | $1,519.40 |
| Experts | $0.00 |
| Investigators | $0.00 |
| Arbitrations/Mediators | $0.00 |
| Other – In-House Reproduction | $697.00 |
| **TOTAL** | **$10,732.86** |

| | |
|---|---|
| Client Name: | CB Wind-Down Corporation, *et al.* |
| Case Number: | 21-10269 (ABA) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | May 19, 2020 |
| Interim or Final: | Final |