| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | REQUEST FOR PAYMENT OF<br>ADMINISTRATIVE EXPENSE |
|---|---|

In re:
- ☐ Christopher & Banks Corporation (Case No. 21-10269)
- ☒ Christopher & Banks Inc. (Case No. 21-10268)
- ☐ Christopher & Banks Company (Case No. 21-10270)

Chapter 11

Case Number: 21-10269 (Main Case)

NOTE: This form should not be used for an unsecured claim arising prior to the commencement of the case. In such instances, a proof of claim should be filed.

**Name of Creditor: Radial, Inc.**
(The person or other entity to whom the debtor owed money or property.)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and Addresses Where Notices Should Be Sent:
Katie Hitchens, Vice President & Deputy General Counsel
935 First Avenue
King of Prussia, PA 19406
(610) 491-7000
hitchensk@radial.com

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: **1163753**

Check here if this request:
☐ replaces a previously filed request, dated:
☐ amends a previously filed request, dated:

1. BASIS FOR CLAIM
   - ☒ Goods Sold / Services performed / Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number _____

2. DATE DEBT WAS INCURRED: **3/21- See Supplement**

3. TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE: **at least $661,516.63 (See Supplement)**

☐ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

4. Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other (Describe briefly) _____
   Value of Collateral: $_____

☐ Check this box if there is no collateral or lien securing your claim.

5. **Credits**: The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

6. **Supporting Documents**: *Attach copies of supporting documents*, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.
   DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.
   If the documents are voluminous, attach a summary.

7. **Date-Stamped Copy**: To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

THIS SPACE IS FOR COURT USE ONLY

Date: 7/19/2021

Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney, if any).
*/s/ Katie Hitchens*
Katie Hitchens
VP, Deputy GC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**SUPPLEMENT TO ADMINISTRATIVE EXPENSE CLAIM OF RADIAL, INC.**

*In re CB Wind-Down, Inc. f/k/a Christopher & Banks Inc.*
**Chapter 11, Case No. 21-10268 (Bankr. D.N.J.)**

Radial, Inc. ("Claimant" or "Radial") asserts the following claims against CB Wind-Down, Inc. f/k/a Christopher & Banks Inc. ("C&B").

## Background

### The Parties' Relationship

A.  On January 13, 2021 (the "Petition Date"), C&B and certain affiliates (collectively with C&B, the "Debtors") each filed in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") voluntary petitions under chapter 11 of the Bankruptcy Code. On January 26, 2021, an Official Committee of Unsecured Creditors was appointed by the Office of the United States Trustee pursuant to section 1102(a) of the Bankruptcy Code.

B.  Effective as of April 19, 2021 (the "Conversion Date"), the Debtors' chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code. *See* Dkt. No. 380. The Bankruptcy Court appointed Douglas S. Stanger as the chapter 7 trustee of the Debtors' estates (the "Chapter 7 Trustee"). *See* Dkt. No. 381.

C.  Radial and C&B were parties to that certain Second Restated and Amended Master Services Agreement and Second Amended and Restated Statement of Work, each dated as of December 1, 2018 (together with all attachments, appendices, amendments, addenda, supplements, schedules, statements of work, agreements, letters, orders and other related

documents, the "Agreement"),[1] pursuant to which Radial provided C&B (and, following the Petition Date, its estate) with warehousing, fulfillment, transportation, customer care, software and technology services in connection therewith.

D. Prior to and following the Petition Date and prior to the Conversion Date, Radial provided services under the Agreement, including in connection with the transition of the Debtors' business operations to ALCC, LLC, an acquisition entity formed by iMedia Brands, Inc. to purchase substantially all of the Debtors' assets (ALCC, LLC and iMedia Brands, Inc. together, the "Buyer"). *See* Dkt. No. 266.

E. Radial timely filed its proof of claim asserting a prepetition general unsecured claim against C&B in the amount of no less than $343,211.35. *See* Claim No. 415.

## Claims

Radial files this administrative expense claim to assert and to expressly preserve all of its post-petition claims, rights, and interests with respect to the Debtors, the Agreement, and/or the transition-related services provided by Radial, including, without limitation, the following:

1. **Administrative Expense Claim.** As of the Conversion Date, Radial was owed an amount not less than $661,516.63 for services provided by Radial during the month of March 2021 under the Agreement and in respect of the sale-related transition. Radial also asserts all rights and claims it possesses under the terms of the Agreement and/or applicable law.

2. **Indemnification Claim.** Radial asserts a contingent and unliquidated claim for any indemnity, including without limitation, all accrued and unpaid interest, fees, late charges,

---

[1] Upon information and belief, the Debtors and the Chapter 7 Trustee have copies of the Agreement and all related invoices, which contain confidential and proprietary information. Copies of the Agreement and the invoices are available upon reasonable written request and execution of any required confidentiality agreement.

costs and expenses (including attorneys' fees) given by C&B to Radial to the extent permitted by the Agreement and/or applicable law.

3. **Miscellaneous Claims, Rights and Remedies.** Claimant reserves the right to amend, modify, withdraw or supplement this administrative expense claim. Claimant asserts and the Debtors and the Chapter 7 Trustee are deemed to have notice of each and every claim set forth in the Agreement and such Agreement is incorporated by reference as if fully set forth herein. Claimant asserts any cross-claim or counterclaim it may possess arising under or in connection with the Agreement, and all other rights and remedies it may have at law or in equity, including without limitation the right to file any appropriate contested matter or adversary proceeding. The claims asserted by Claimant herein are cumulative and independent. All claims asserted herein are without defense, setoff, or counterclaim by C&B. Claimant also asserts a secured claim to the extent Radial possesses rights of setoff, recoupment or any other equitable right for any claim C&B may assert against Claimant and Claimant shall be deemed to have exercised any recoupment rights under the Agreement and applicable law. Nothing contained herein is intended to limit Claimant's rights or claims against any person, including the Buyer, any third-party, guarantor, or co-obligor or any applicable insurance policies. Claimant reserves its right to proceed against any third-party, including the Buyer, any guarantor or co-obligor and/or insurance policy and to proceed under or against the applicable agreement or insurance coverage for any existing or future liabilities under the operative documents or in connection with Radial's claims against C&B. Nothing herein shall constitute a waiver or an estoppel of any rights Claimant may have or may assert in this or any other forum, and all such rights are hereby reserved and preserved. Nothing herein is intended to nor shall it be deemed to be a

144690.01003/125420116v.2

waiver of any rights, claims, defenses, or remedies Claimant may possess including, without limitation, a right to a jury trial or to compel arbitration on any issue.

**Additional Documentation**

4. Further documentation in support of the amounts asserted in this administrative expense claim will be provided directly to the Chapter 7 Trustee as necessary and upon written request. Any additional or supplemental documentation shall be deemed to have been filed as of the date hereof.

-4-